UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE THE APPLICATION OF

GAREGIN TATOSYAN

            *Plaintiff/Petitioner*

v.

MARY QUEEN GALSTIAN

            *Defendant/Respondent*

Civil Action File No.

**VERIFIED COMPLAINT / PETITION UNDER THE HAGUE CONVENTION**

Plaintiff / Petitioner, Garegin Tatosyan, respectfully shows this Court as follows:

## I. INTRODUCTION

1. This is an action brought by Garegin Tatosyan (hereinafter "Plaintiff", "Petitioner", "Father"), a citizen of the Republic of Armenia (hereinafter "Armenia"), for the prompt return of a minor child under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and its implementing statute, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–9011. A copy of the Hague Convention is attached hereto as **Exhibit A.**

2. Petitioner seeks the immediate return of his daughter, E.T. (the "Child"), born in February of 2024, who was wrongfully removed, without Petitioner's consent or acquiescence, from her habitual residence in Armenia to the United States, or, alternatively, wrongfully retained in the United States beyond the scope of any temporary travel authorization by the Child's mother, Defendant / Respondent, Mary Queen Galstian (hereinafter "Defendant", "Respondent", "Mother").

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction). Venue is proper in this District pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. § 1391(b) because Respondent is believed to be residing with the Child in Belmont, Massachusetts.

4. In addition, pursuant to Article 4, the Hague Convention (attached hereto as **Exhibit A**) applies to the Child under the age of 16 (sixteen) years and who was removed and now detained from her habitual residence of Armenia to the United States of America, both of which are Contracting States of the Hague Convention.

## III. PARTIES

5. Petitioner, now age 33, was born in Armenia and has lived his entire life in Armenia. He presently resides at Apartment 2, Building 10, Mazmanyan Street, Yerevan, Armenia.

6. Respondent, now age 25 was born in Massachusetts, but moved to Armenia on or about November 26, 2022. Upon information and belief, the Respondent is currently residing with the Child at 16 Stony Brook Road, Belmont, Massachusetts 02478.

## IV. STATEMENT OF FACTS

7. Petitioner and Respondent were married in Armenia on January 16, 2024 and divorced in Armenia on November 14, 2024. The Certificate of Divorce is recorded in the Unified Electronic Register of Civil Status Deeds Registry in Armenia, a copy of which (along with the English translation) is attached hereto as **Exhibit B**.

A. *The Child's Life and Habitual Residence*

8. The Child was born in Yerevan, Armenia in February of 2024 to the Petitioner and Respondent. A copy of her birth certificate with English translation is attached hereto as **Exhibit C.** From her birth and until her wrongful removal in February 2025, the Child resided exclusively in Armenia.

9. The Child is, by virtue of her birth, a citizen of Armenia. By virtue of her parentage, she is also a citizen of the United States.

10. From and after the Child's birth, both parents resided in Armenia, and Armenia was the center of the Child's life and care. At no time did Petitioner agree that the Child's habitual residence would change from Armenia to another country.

11. Both parents structured their lives and caregiving arrangements around Armenia as the Child's home. Neither parent established a family life, residence, or caregiving framework for the Child in any country other than Armenia prior to Respondent's unilateral removal of the Child.

B. *Parental Rights Under Armenian Law*

12. Under Armenian law, both parents of a minor child retain joint parental authority, including rights relating to care and determination of the child's place of residence, unless and until modified by a final court order.

13. These joint parental rights include the right to participate in, and to withhold consent from, decisions concerning the Child's country of residence.

14. No Armenian court has terminated or suspended Petitioner's custodial rights.

C. *Armenian Court Proceedings*

15. Following the parties' separation, the Respondent prevented Petitioner from seeing the Child. As a result, Petitioner sought judicial intervention.

16. On October 28, 2024, Petitioner initiated proceedings in the Civil Court of First Instance of the Republic of Armenia to establish a parenting schedule. On November 5, 2024, the Armenian court issued an interim order granting Petitioner regular parenting time and expressly prohibiting Respondent from removing the Child from Armenia without Petitioner's consent (hereinafter the "Interim Order"). A copy of the Interim Order with English translation is attached hereto as **Exhibit D.**

17. Petitioner exercised his custodial rights pursuant to the Interim Order.

18. Respondent appealed the travel restriction set forth in the Interim Order, asserting a need to travel temporarily to the United States for work-related purposes. After Respondent's appeal was rejected by the Civil Court of the First Instance of the Republic of Armenia, the Respondent appealed to the Civil Court of Appeal of the Republic of Armenia.

19. On January 29, 2025, the Armenian Court of Appeal issued a decision permitting Respondent to travel outside Armenia temporarily for work-related purposes (hereinafter the "appellate decision"). A copy of the decision with English translation is attached hereto as **Exhibit E.**

20. The appellate decision did not authorize permanent relocation of the Child, did not terminate Petitioner's custodial rights, and did not alter the Child's habitual residence.

21. The appellate decision was expressly limited to a temporary, work-related purpose and did not authorize indefinite residence abroad, severance of the Child's ties to Armenia, or unilateral relocation of the Child without Petitioner's consent.

D. *Child's Wrongful Removal and Retention*

22. According to the National Security Service of the Republic of Armenia, on or about February 12, 2025, the Respondent left Armenia with the Child through the Zvartnots crossing point. A copy of the letter from the Armenia National Security Service along with English translation is attached hereto as **Exhibit F**.

23. On that date, Respondent traveled with the Child to the United States. Petitioner did not agree or authorize the temporary trip.

24. Petitioner did not consent to the permanent relocation of the Child.

25. Respondent has failed and refused to return the Child to Armenia.

26. Petitioner has not seen or had any contact with the Child since February 2025 and has been blocked by all means of communication by the Respondent.

27. Petitioner subsequently began the process of seeking the return of the Child, pursuant to the Hague Convention, by contacting the Central Authority in Armenia, through which he submitted a request for return under Article 8 of the Hague Convention. A copy of the application with English translation is attached hereto as **Exhibit G**.

## V.    LEGAL STANDARD

28. To establish a prima facie case under the Hague Convention, Petitioner must prove by a preponderance of the evidence that:

    a) the Child was habitually resident in Armenia immediately before removal or retention;

    b) the removal or retention breached Petitioner's custody rights under Armenian law; and

    c) Petitioner was exercising those rights at the time of removal or retention.

29. Once established, the Court must order return unless Respondent proves a narrowly construed affirmative defense.

### VI. WRONGFUL REMOVAL AND WRONGFUL RETENTION (Article 3)

30. The Child was habitually resident in Armenia immediately prior to February 12, 2025.

31. For an infant, habitual residence is determined by the Child's lived experience and shared parental intent, not by unilateral action of one parent.

32. Respondent's removal of the Child breached Petitioner's custody rights under Armenian law, including his right to participate in decisions concerning the Child's residence.

33. Alternatively, even if the Court finds the initial removal authorized for temporary travel, Respondent's continued retention of the Child in the United States is wrongful.

34. Respondent's retention became wrongful no later than the point at which she ceased communicating with Petitioner regarding any return date and failed to make arrangements for the Child's return to Armenia.

35. At all relevant times, Petitioner was exercising his custodial rights or would have exercised them but for Respondent's actions.

### VII. TIMELINESS AND LACK OF SETTLEMENT (Article 4)

36. This Petition was filed within one year of Respondent's wrongful retention of the Child.

37. Even if the Court were to find that more than one year has elapsed, the Child—an infant—has not become settled in the United States.

38. The Child is too young to form meaningful attachments independent of her primary caregiver.

39. The Child, who is an infant, has not developed independent social, educational, or community ties in the United States. Upon information and belief, she is not enrolled in school, and any connections she has in the United States are limited to her relationship with Respondent.

### VIII. NO APPLICABLE DEFENSES (Article 13)

40. Petitioner never consented to or acquiesced in the permanent relocation of the Child.

41. Return of the Child to Armenia presents no grave risk of physical or psychological harm.

### IX. PROVISIONAL REMEDIES

35. Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Child from the Commonwealth of Massachusetts, an order surrendering all passports, travel documents, and identification issued by any country for the Child, and an order prohibiting Respondent from concealing or transferring the Child to any third party.

36. Petitioner also requests that this Court schedule an expedited hearing on the merits of this Petition to prevent further harm.

### X. NOTICE OF HEARING

26. Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of these proceedings in accordance with the law governing notice in interstate child custody proceedings.

### XI. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:

(a) Order an immediate temporary restraining order prohibiting the removal of the Child from the Commonwealth of Massachusetts pending a hearing on the merits of this Verified Complaint; and that no person shall take any action to remove the Child from the Commonwealth of Massachusetts pending a determination on the merits of this Verified Complaint;

(b) Issue an immediate order requiring that the Child's passport be surrendered to the Court;

(c) Issue an order scheduling an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that the Respondent show cause at this hearing why the Child should not be returned to Armenia, and why such relief requested in the Verified Complaint should not be granted;

(d) Issue an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

(e) Order the immediate return of the Child to the Republic of Armenia;

(f) Award Petitioner necessary expenses and fees pursuant to 22 U.S.C. § 9007(b); and

(g) Grant such other and further relief as the Court deems just and proper.

**VERIFICATION**

I, Garegin Tatosyan, hereby state and affirm that the facts contained within this Complaint are true to the best of knowledge and belief, and as to those upon belief, I believe them to be true.

Signed under the pains and penalties of perjury this 16th day of January 2026.

_____ [signature]

GAREGIN TATOSYAN

Dated: January 16, 2026

Respectfully submitted,

GARGEIN TATOSYAN,
By his attorney,

/s/ **Rachel A. Deering**
Rachel A. Deering, Esq. BBO No. 691366
*rdeering@verrill-law.com*
Annabel Rodriguez, Esq., BBO No. 696001
*arodriguez@verrill-law.com*
VERRILL DANA LLP
One Federal Street, 20th Floor
Boston, MA 02110
(617) 309-2600